UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

COREY LEACH, et al.,

                Plaintiffs,

          -v-

ENTERTAINMENT PARTNERS, et al.,

                Defendants.
------------------------------------------------------------X

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 07 2012

No. 11 Civ. 7944 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs in this action allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and analogous New York law. On August 1, 2012, the parties submitted a proposed Stipulation and Order of Dismissal With Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) indicating their agreement to dismiss Defendant Screen Gems Productions, Inc. from the action. On August 2, 2012, Plaintiffs submitted a letter representing that "Plaintiffs and Defendant Screen Gems have reached a settlement which was fully executed today" and that "Plaintiffs and Defendant Weinstein have also reached a settlement." See Dkt. 74.

Also on August 2, 2012, Plaintiffs filed two Notices of Dismissal pursuant to Rule 41(a)(1)(A)(i), one purporting to dismiss Defendants Zucker Productions and Olive Bridge Entertainment from the action with prejudice and the other purporting to dismiss Defendant Margin Call Productions from the action without prejudice.[1]

Under the FLSA, an employer who has failed to pay overtime wages must pay those wages plus an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). The FLSA

---

[1] While Plaintiffs' August 2, 2012 letter refers to Defendant Margin Call Productions as "the one outstanding Defendant in this case," the docket reflects that other Defendants remain in this case.

imposes "strict waiver requirements," obligating the Court to scrutinize for fairness any purported waiver of an employee's FLSA rights. Cortes v. Skytop Rest., Inc., 09 Civ. 10252 (CM) (KNF), 2010 WL 4910242, at *1 (S.D.N.Y. Nov. 17, 2010) (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)). These requirements arise from the "fear that employers [otherwise] would coerce employees into settlement and waiver." Manning v. New York Univ., 98 Civ. 3300 (NRB), 2001 WL 963982, at *11 (S.D.N.Y. Aug. 22, 2001). Therefore, Plaintiffs in this action may not settle, dismiss or otherwise waive their FLSA rights without Court approval. Accordingly, it is hereby:

ORDERED that, by September 24, 2012, the parties shall submit to the Court a joint letter setting forth their views as to (1) why Plaintiffs' settlements with Screen Gems Productions and The Weinstein Company are fair and should be approved; and (2) why Plaintiffs' claims against Defendants Margin Call Productions, Zucker Productions and Olive Bridge Entertainment may be dismissed. The letter shall also address the status of any other Defendant remaining in this case.

SO ORDERED.

Dated:     September 7, 2012
           New York, New York

Ronnie Abrams
United States District Judge